McKeon *agt.* Graves & Best.

McKEON, plaintiff in error, *agt.* GRAVES and BEST, defendants
in error.

### *Questions discussed.*

1. Whether a declaration in a justice's court in the following form, is good
in form or *substance?* to wit: "The plaintiffs appeared and declared against
the defendant in an action of trespass, and for breaking in and destroying, and
taking from the premises of plaintiffs certain boards and other fencing stuffs,
and converted the same to his own use."

2. Whether an action of *trespass quare clausum fregit,* may be brought in
a justice's court of a different county from that in which the land lies?

Richard Graves and Eli Best brought an action of trespass
for taking boards and fencing stuff in a justice's court, against
James McKeon, and recovered judgment (the defendant not
appearing) for damages and costs, $16.84.  McKeon brought a
*certiorari* to the Columbia common pleas, to which the justice
made the following return: ·

"Columbia County, *ss.:* I, Francis W. Bradley, the justice of
the peace in the said writ hereto annexed named, do certify to
the judges of the court of common pleas of the said county,
that before the coming to me of the said writ, to wit, on the
15th day of October, 1844, at the request of Richard Graves
and Eli Best in the said writ named, I issued a summons
directed to any constable of the said county, commanding him·
to summon James McKeon, in the said writ also named, to
appear before me at my office in the town of Kinderhook on
the 22d day of October then instant, at ten o'clock in the fore-
noon, to answer unto Richard Graves and Eli Best in a plea
of trespass, to their damage of $100; which summons, on or
before the return day thereof, was delivered to me by William
H. Thompson, a constable of said county, with a return there-
on signed by him, that the same was personally served by
him on the said James McKeon on the 16th of October afore-
said: and I do also certify that at the time and place above
specified for the return of the same summons, the plaintiffs
appeared and declared against the defendant in an action
of trespass and for breaking in and destroying and taking

McKeon *agt.* Graves & Best.

from the premises of plaintiffs certain boards and other fencing stuff, and converted the same to his own use.

" Defendant did not appear.

" James Deyo was then sworn as a witness on the part of the plaintiffs, testified that he knows the parties, has lived in the house with the defendant. I saw the defendant take boards from the plaintiffs' fence, and fetch them in his own yard and make a small fence around his garden; the boards were all missing from the yard about the time the defendant moved away, and thinks defendant took them away; thinks there were fifty panels of fencing stuff taken away; thinks it worth about $16. On which I, the said justice, did render judgment against the said defendant for the said sixteen dollars damages and eighty-four cents costs."

The common pleas reversed the judgment of the justice with costs. Graves and Best brought a writ of error, and removed the proceedings and judgment to the supreme court, where the judgment of the common pleas was reversed, and that of the justice affirmed. (*Reported* 2 *Denio,* 639.)

Several preliminary and minor objections were taken to the justice's judgment, and argued in the supreme court by the counsel, and were likewise argued in the court of appeals. They are. noticed by JEWETT, J., in the introductory part of his opinion in the supreme court, but do not appear in the reported case, to wit: " The summons was returnable before the justice on the 22d day of October, at ten o'clock, A. M., at his office in the town of Kinderhook." The justice in the general part of his return certifies, "that at the time and place above specified for the return of the same summons the plaintiff appeared and declared," &c., and that the " defendant did not appear." It is claimed that the judgment of the justice was erroneous, on the ground that the return shows that the justice did not wait one hour after the time specified for the return of the process, as required in such case by the statute. (2 *R. S.* 234, § 46.) I think we are bound to intend that the justice did wait the hour required in such case. I regard the return in this particular as merely formal, not designed to

McKeon *agt.* Graves & Best.

answer any allegation contained in the affidavit on which the certiorari was allowed. It is quite probable that no such question was raised by the affidavit. At all events, if the defendant relied on that objection, he should have procured a direct answer negativing the fact that he did wait the hour. Before a judgment can be reversed, it must appear affirmatively that the justice has erred. This principle is well settled. (*Fuller* v. *Wilcox,* 19 *W.* 351; *Oakley* v. *Van Horn,* 21 *W.* 305; *Baum* v. *Turpenny,* 3 *Hill,* 75.)

It is also objected that the declaration before the justice was defective in both form and substance. It is undoubtedly bad on special demurrer, (*Timmerman* v. *Morrison,* 14 *John.* 369,) and unquestionably good in a justice's court on general demurrer. (*Keyser* v. *Shaver,* 2 *Cow. Rep.* 437; *Grigg* v. *Griswold & Corning,* 1 *Denio Rep.* 432; *Stone* v. *Case & Keeler,* 13 *W.* 283.)

And besides, the statute (2 *R. S.* 257, § 181) requires the court of common pleas, in cases brought from justices' courts by certiorari, to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice which did not affect the merits.

The statute in relation to amending pleadings, &c., (2 *R. S.* 424, § 7,) also provides that no judgment recovered as therein stated shall be reversed, &c., by reason, among other things, of any "insufficient pleading;" for the want of any allegation or averment on account of which omission a special demurrer could have been maintained; "for omitting any allegation or averment of any matter, without providing which the jury ought not to have given such a verdict." That these provisions extend to a justice's court, so far as they are applicable, is evident, not only from the language of sec. 10 of the act, which in express terms extends them to *all actions in courts of law,* but is provided by statute, (2 *R. S.* 252, § 1,) that "every justice of the peace elected in any town in this state, &c., is hereby authorized to hold a court for the trial of all actions in the next section enumerated, and to hear, try and determine

the same according to law and equity; and for that purpose, where no special provision is otherwise made by law, such court shall be vested with all the necessary powers which are possessed by courts of record in this state." (*See also Brace & others* v. *Benson,* 10 *W.* 213.)

An objection is raised, that the evidence was not sufficient to sustain the declaration. I think it was, *prima facie.* There is no variance between the declaration and the proof. The declaration was for trespass and for breaking in and destroying and taking from the premises of the plaintiffs certain boards and other fencing stuff and converting the same to his own use. The proof was, that the defendant took boards, about fifty panels, from the plaintiffs' fence and used them in making a fence around his own premises, temporarily, and finally otherwise disposed of them. This evidence was sufficient to authorize a court or jury at least to infer, a *breaking in* the premises from which the boards were taken. But it was not necessary under this declaration in order to recover, to prove every act of trespass complained of. The declaration does not allege that the trespass consisted in the defendant's breaking and entering a *certain* close of the plaintiff and *then and there* taking and carrying away certain boards, &c., of the plaintiff. It does not allege the taking the boards to be part of a trespass in which the *breaking* of the close was the principal thing, as in *Howe* v. *Wilson,* 1 *Denio,* 181. That case sustains this principle, that when a count in a declaration for a trespass *quare clausum fregit* also alleges the taking of goods *in that close,* it so far operates by way of description that if the plaintiff failed in his proof of the *local* trespass, he would also fail as to the trespass to the goods.

The judge then proceeds with the principal point in the case, as reported in 2 *Denio.* The objection of the defendant being, that it did not appear *affirmatively* that the premises on which the trespass alleged to have been committed were situated in the county of Columbia; and that such an action at common law is local, and unless the lands were situated in the county where the action was brought and tried, the justice had no jurisdiction. It was *held,* that the legislature had conferred jurisdic-

McKeon *agt.* Graves & Best.

tion upon justices of the peace of the action of trespass ·on lands whether the cause of action arose in the county where the justice resided or not. (2 *R. S.* 225, § 2; *Laws*, 1840, *ch.* 317, § 2; *Sumner* v. *Finegan*, 15 *Mass. R.* 280; *Statutes of Mass.*; *Pitman* v. *Flint*, 10 *Pick.* 504; *Morton* v. *Chase*, 15 *Maine R.* 188; *Hopkins* v. *Haywood*, 13 *Wend.* 265; 1 *Cowen's Treatise*, 27, 28.)

Also *held*, that although the courts of common pleas in this state have not original jurisdiction in such actions of trespass, &c., yet they have jurisdiction of such actions on *certiorari*, or on appeal from justices' courts.

Also, that the court cannot intend that such a trespass was committed on land situated *out of the state*, where it appears that the justice had jurisdiction of the parties and generally of the subject matter.

McKeon the defendant brought a writ of error and removed the judgment into this court.

*John H. Reynolds, Attorney and Counsel for plaintiff in error.*

*First.* The return of the justice shows that the proceedings before him were entirely *ex parte*—the plaintiffs only appearing. Nothing, therefore, can be inferred against the defendant. The plaintiffs were bound to show a case within the jurisdiction of the court affirmatively, or the judgment cannot be sustained. (*Northrup & Huntley* v. *Jackson*, 13 *Wend.* 85; *Yager* v. *Hannah*, 6 *Hill*, 631; *McNutt* v. *Johnson*, 7 *Johns. R.* 18; *Stewart* v. *Smith*, 17 *Wend.* 517; *Squier* v. *Gould*, 14 *Wend.* 159; *Finch* v. *McDowell*, 7 *Cowen*, 537.)

*Second.* The return does not show jurisdiction of the *person* of the defendant, at the time of rendering the judgment. The summons was returnable at 10 o'clock, and " at the time " " for the return of the same summons, the plaintiffs appeared and declared," &c.; and the justice rendered judgment without waiting the *hour* required by statute. The justice had no authority to proceed in the cause until the hour had expired. (2 *R. S. old ed.* 233, *new ed.* 165, § 46; *Hoes* v. *Sherrill*, 16

McKeon *agt.* Graves & Best.

*Wend.* 36, *per* BRONSON J.; *Hart* v. *Seixas*, 21 *Wend.* 56, *per* BRONSON J., *Stewart* v. *Smith*, 17 *Wend.* 517.)

*Third.* The declaration before the justice was bad in form and substance. It does not show a case within the jurisdiction of the justice. The *place* where the trespass was committed is not stated. The action of trespass *quare clausum fregit* being *local*, the *place* where the trespass was committed was material. (*Houghton* v. *Strong*, 1 *Caines R.* 486; *Grover* v. *Gould*, 20 *Wend.* 227; 1 *Salk.* 404 *and note;* 2 *Ld. Raym.* 795; 2 *Wilson*, 16; 1 *T. R.* 151; 1 *Saund.* 74, *and note* (1;) *Rex* v. *Danser*, 6 *T. R.* 243; 1 *Cowen's Trea.* 364, 551, 665, 661; 9 *Mod.* 95, *Lord Conynsly's case; Thornton* v. *Smith*, 1 *Wash.* 81; 2 *Bac. Ab. title* " *Court*," (4;) 3 *Wend.* 267; 6 *id.* 638; 7 *id.* 436; 1 *Chitty pl.* 9 *ed.* 260, 267; *Read* v. *Pope*, 1 *Crom. Mees. & Rosc.* 302; 1 *T. R.* 241; 1 *East.* 278.)

☞ Don't show was *within the state*—and none of our courts have *jurisdiction* of trespass on land in other states. ☜

*Fourth.* The proof was insufficient to maintain the action.

1. Because it does not show that the plaintiffs were in the possession of the premises. Such proof was necessary. (4 *Kent Com.* 4th ed. 119; 1 *Cowen's Trea.* 370, *and cases cited;* 12 *Johns. R.* 183; 9 *id.* 61; 1 *id.* 511; 3 *id.* 468; 8 *Mass. R.* 415.)

2. Because it does not show a cause of action within the jurisdiction of the court; it not being shown where the *locus in quo* was situated. (*Watts* v. *Kinney*, 23 *Wend.* 484; *same case*, 6 *Hill*, 82, *and cases cited*.)

3. There is no legal evidence of the conversion of the boards by the defendant, or of damages, upon which a judgment ought to be rendered.

*Fifth.* There is a fatal variance between the declaration and proof. The declaration is for " breaking in " and " destroying, and taking *from the premises* of plaintiffs " certain boards, &c. The proof, at most, shows only a simple *taking* of the boards. There is not a shadow of proof that the defendant entered the plaintiff's premises. (*How* v. *Wilson*, 1 *Denio*, 181.)

*Sixth.* A justice's court being a limited and inferior court,

McKeon *agt.* Graves & Best.

the facts showing its jurisdiction over the person of the defendant and the subject matter of the action must be shown *affirmatively*, and nothing will be *intended* in favor of its jurisdiction. (*Jones* v. *Reed*, 1 *Johns. Cases* 20; *Wells* v. *Newkirk*, *id.* 229; *Powers* v. *The People*, 4 *Johns. R.* 292; *Bowman* v. *Russ*, 6 *Cowen*, 234; *Mills* v. *Martin*, 19 *Johns. R.* 33, 39; 6 *T. R.* 245; 4 *Burr*, 2108; *Ladbroke* v. *James*, *Willes R.* 199; *Sallers* v. *Lawrence*, *id.* 416; *Doug.* 97; 7 *T. R.* 305; *Wise* v. *Withers*, 3 *Cranch*, 331; *Moravia* v. *Sloper*, *Willes*, 30; *Morse* v. *James*, 122; *Thomas* v. *Robinson*, 3 *Wend.* 267; *Cleveland* v. *Rogers*, 6 *Wend.* 438; *Sheldon* v. *Hopkins*, 7 *Wend.* 435; *Bloom* v. *Burdick*, 1 *Hill*, 139; *Foot* v. *Stevens*, 17 *Wend.* 483; *Hart* v. *Seixas*, 21 *Wend.* 40; *Yates* v. *Lansing*, 9 *Johns. R.* 437; *Wheeler* v. *Raymond*, 8 *Cowen*, 311, 314; *Cornelle* v. *Barnes*, 7 *Hill*, 35, and note (*e ;*) *The People* v. *Keober*, 7 *id.* 39; *Lawton* v. *Erwin*, 9 *Wend.* 237; *Starr* v. *The Trustees of Rochester*, 6 *Wend.* 566–7; *Hoose* v. *Sherrill*, 16 *Wend.* 33, 37, *et seq.* and cases cited; *Van Etten* v. *Hurst*, 6 *Hill*, 311, 314; *Sackett* v. *Andross*, 5 *Hill*, 327; *Bromley* v. *Smith*, 2 *id.* 518; *Logan* v. *Siggerson*, 2 *Blackf. Rep.* 266; *Evans* v. *Monkley*, 4 *Taunt.* 48; *Read* v. *Pope*, 1 *Cromp.*; *Mees. & Rosc.* 302; *Powell* v. *Ancell*, 3 *Mann. & Grang.* 171; *Caudle* v. *Seymour*, 1 *Adol. & Ellis*, 889, *N. S. ;* *Grover* v. *Gould*, 20 *Wend.* 227;. 1 *Saund.* 74, and note; 1 *T. R.* 151; 2 *Wilson*, 16; 1 *Salk.* 404, and note; 6 *Wheat.* 450; 3 *Dall.* 382; 4 *do.* 8; 8 *Peters*, 112.)

*Seventh.* In this case the return neither shows jurisdiction of the *person* nor subject matter.

1. Because the return shows that the judgment was rendered without waiting an *hour* after the return of the summons, which was necessary to acquire jurisdiction of the person. (*Vide cases cited under 2d Point.*)

2. If the return does not show affirmatively that the justice did wait the hour, the objection is equally fatal, because on a question of jurisdiction nothing can be intended in its favor. (*Vide cases cited under the 3d and 6th Points.*)

3. Jurisdiction of the subject matter is not shown, because trespass *quare clausum fregit* is a local action, and to give the

justice jurisdiction, it must have arisen in his own county. (*Watts* v. *Kinney,* 6 *Hill,* 82, *and cases cited; same case,* 23 *Wendell,* 484; 2 *R. S.* 158, § 1.)

. 4. Admitting that the justice had jurisdiction of such an action arising out of his own county, yet he clearly has not, if it arose out of the state; and, therefore, to give jurisdiction of the subject matter, either the declaration or proof should have shown the trespass committed within the state of New-York. It cannot be intended that the trespass was committed in this state. (*Watts* v. *Kinney,* 6 *Hill,* 82, *and cases cited ;* 1 *Chitty on Pleading,* 9th ed., 260, 267. *The justice returns all the evidence ;* 21 *Wendell,* 305; 3 *Hill,* 75; 2 *Hill,* 125; 1 *Brock.* 203.)

*George W. Bulkley, Attorney and Counsel* for defendant in error.

*First.* The proceedings of the justice were regular. He did, in point of fact, wait one hour after the return of the summons before he proceeded in the cause. Such was the fact. The return, however, being silent on that point, the legal intendment is, that the justice's proceedings are all regular in this respect, until the contrary appear. If the defendant below intended to rely on this as error, he should have procured an amended and specific return on that point. In this case there is no allegation in the affidavit upon which the certiorari was allowed, or in the subsequent rule or order that the justice did not wait the hour after the return of process before he proceeded in the cause. No complaint of this kind was made to the justice who tried the cause, and who would have answered directly and truly in this respect, had he been called upon so to do. The court will not reverse unless the error be apparent and manifest on the face of the record. (*Hatch* v. *Mann,* 9 *Wend.* 262; *Clement* v. *Benjamin,* 12 *John.* 299; *Fuller* v. *Wilcox,* 19 *Wend.* 351; *Oakley* v. *Van Horne,* 21 *Wend.* 305; *Baum* v. *Tarpenny,* 3 *Hill,* 75.)

*Second.* It is contended that the declaration before the justice was bad in form and substance. And it is said, on the authority of 13 *Wend.* 85, that inasmuch as the defendant did not appear on the trial, the alleged defects in the declaration may be now

raised on writ of error, and form the ground of reversing the judgment. The declaration is in these words : " The plaintiffs appeared and declared against the defendant in an action of trespass and for breaking in and destroying and taking from the premises of plaintiffs certain boards and other fencing stuffs, and converted the same to his own use."

1. This declaration is good in substance, and its sufficiency in a justice's court cannot be questioned. Pleadings less perfect than this have for years uniformly been held good in a justice's court: unless, indeed, greater accuracy has been insisted on by demurrer in the justice's court. (3 *Caines' Rep.* 219, 152, 275, 174 ; *Keyser* v. *Shaffer*, 2 *Cowen's Rep.* 437 ; *Stewart* v. *Close*, 1 *Wend.* 438 ; *Fitch* v. *Miller*, 13 *Wend.* 67 ; *Chamberlain et al.* v. *Graves*, 2 *Hill*, 504 ; *Young* v. *Rummell*, 5 *Hill*, 60 ; *Cowen's Treatise*, 2 vol. 569 ; *Groff* v. *Griswold & Corning*, 1 *Denio*, 432.)

2. It is true this declaration might have been assailed on special demurrer, in the justice's court, for not stating a time and place. (*Timmerman* v. *Morrison*, 14 *John.* 369 ; *McNeil* v. *Scofield*, 3 *John.* 436 ; *Cowen's Treatise*, vol. 1, 551, 552.) But as a declaration in a justice's court, it would be good on general demurrer. (*Keyser* v. *Shaffer*, 2 *Cowen*, 437, *and authorities above cited.*) If, therefore, the declaration is good in substance as a declaration in a justice's court, the defendant cannot, on certiorari or writ of error, object to it ; although he did not appear in the justice's court, he cannot now take advantage of defects, if any, in this declaration. (*Owen* v. *Morehouse*, 1 *John.* 276 ; *McNeil* v. *Scofield*, 3 *John.* 436 ; *Cowen's Treatise*, vol. 1, 552 ; *Groff* v. *Griswold & Corning*, 1 *Denio*, 432.) The declaration being good on general demurrer, and no special demurrer having been put in, the court, on certiorari and writ of error, " will give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects, which did not affect the merits." (2 *Revised Statutes*, 257, *sec.* 181.) And the court will not reverse the judgment " by reason of any insufficient pleading, or the want of any allegation or averment, on account of which omission a special demurrer

23

McKeon *agt.* Graves & Best.

could have been maintained, for omitting any allegation or averment of any matter without proving which the jury ought not to have given such verdict:" (2 *Revised Statutes*, 424, sec. 7.) The court will not, therefore, reverse the justice's judgment on account of any imperfections, if any in this declaration.

*Third.* The evidence was sufficient to maintain an action of trespass.

1. The legality of the proof is not questioned.

2. The sufficiency of the evidence is equally manifest. The justice who took the testimony has passed upon it and found it sufficient. And the rule of law is well settled that " if there is some evidence to support the finding of the justice, the court will not reverse the judgment." (*Fisher* v. *Chandler,* 1 *John.* 505; *Kellogg* v. *Manncy,* 2 *John.* 378; *Wilson* v. *Fenner,* 3 *John.* 439; *Whiting* v. *Crin,* 1 *Hill,* 61.) And if the plaintiff makes out a case which *prima facie* entitles him to recover, the court will not interfere. (*Struyker* v. *Bergen,* 15 *Wend.* 490; *Noyes & Pettingill* v. *Hewitt,* 18 *Wend.* 141; *Oakley* v. *Van Horne,* 21 *Wend.* 305; *Baldwin* v. *Delevan,* 2 *Hill,* 125.)

*Fourth.* There was not any variance between the declaration and proof. The declaration (*see Error Book, folio* 15) may be regarded as in *trespass de bonis asportatis,* as well as in *trespass quare clausum fregit.* And the proof was (see *Error Book, folio* 16) that the defendant took boards, about fifty panels, from the plaintiff's fence, and fetched them in his own yard, and used them in making a fence around his garden temporarily, and when defendant moved away, made some other disposition of them; they were all missing about the time. But how he finally disposed of them does not appear, and is not material.

1. If we regard the declaration as in *trespass quare clausum fregit,* it is difficult to conceive how the defendant could take these boards from the plaintiffs' fence without taking them from plaintiffs' premises, and without breaking the plaintiffs' close. The word premises, in the declaration, if it is in *trespass quare clausum fregit,* means lands and tenements, and lands include many things besides the earth we tread, as waters,

grass, stones, buildings, trees and fences, and the like. Fences, therefore, are a part and parcel of the lands. A direct injury to any thing growing upon or built upon the land, or ,placed thereon with a view of improving it, is a direct injury to the land itself, and such an injury is called an entry into and breaking the plaintiffs' close. In contemplation of law, this close, whether substantial or imaginary, is always broken when an injury is done. (2 *Black. Com.* 18, 19; 1 *Cowen's Treatise,* 364.) It is submitted, therefore, that a direct injury done to plaintiffs' fence, or the taking boards from the plaintiffs' fence, was a breach of their close, that it was an entry or "breaking in," in contemplation of law. If this be so, then even if the declaration falls within the exception referred to by his Honor, Chief Justice BRONSON, *in Howe* v. *Wilson,* 1 *Denio,* 181, to wit: that the taking of the boards and other fencing stuff was a part of a trespass in which the breaking of the close was the principal thing, and that the taking was in the close; still the whole count, both the breaking and taking, are made out by the evidence; the proof corresponds with the allegation, and there is no variance in this respect.

2. It is insisted that the declaratian does not come within the exception referred to in *Howe* v. *Wilson,* 1 *Denio,* 181. It does not allege the taking the boards, &c., to be part of a trespass in which the breaking in of the close was the principal thing; it does not allege that the defendant broke the plaintiffs' close, *and then and there* took the boards, &c., but alleges that the defendant took boards and other fencing stuff, and converted them to his own use generally, without alleging such taking to be in that close, the breaking in of which is complained of. And the plaintiffs can recover under this declaration for the taking of the goods, without proving the rest of the count, and without proof of a breaking in. The proof relates principally, if not wholly, to the taking and conversion of boards and other fencing stuff, and the recovery was only for the value of the boards and other fencing stuff so taken and converted. The judgment rendered by the said justice, therefore, may very properly be regarded as a recovery in an action

of *trespass de bonis asportatis,* and one in which the taking of goods has no necessary connection or coupled with a breaking of plaintiffs' close. At any rate, after the boards were severed from the fence, they became the personal property of the plaintiffs below, after which there was a distinct *trespass and asportation.* If, therefore, the plaintiffs' fence was real estate, the tearing it down and taking boards therefrom was an entry and breach of their close; and if it was personal property, *trespass de bonis asportatis* will lie without showing any entry or breach; and at all events, after severance it became their personal property, for the conversion of which an action of trespass will well lie, and which in either case supported the declaration, and in either point of view is no variance from it.

*Fifth.* It is also insisted that the justice who tried the cause had no jurisdiction of the case, on the ground that it did not appear by the declaration or proof that the premises in which the trespass was committed were situated in the county of Columbia, where the suit was brought. This objection raises the only question entitled to any serious consideration in this case. By the common law, the action of *trespass quare clausum freget* is local. In the supreme court of this state, such action is local as relates to the place of trial, subject, however, to the power of the court, given by statute to change the venue, when it shall appear that a fair and impartial trial cannot be had where the venue is laid. (2 *R. S.* 409, *sec.* 1 *and* 2, *old ed.*) The court of common pleas (now county court) of this state have power to hear, try, and determine all local actions arising within the county where the court is held. (2 *R. S.* 208, *sec.* 1.) And the action *quare clausum fregit* being local, by common law, of course cannot be sustained in a court of common pleas, unless the property the subject of the action is situated within the county where such court is held: the jurisdiction of the court of common pleas is thus prescribed and limited by the express provision of this statute. But justices' courts of this state are not thus prescribed and limited. By the act entitled, " Of Courts held by Justices of the Peace," it is enacted that " every justice of the peace, elected in any town in this state,

has jurisdiction over and cognizance of actions of trespass and trespass on the case, for injuries to persons or to real or personal property, wherein the damages shall not exceed fifty dollars." (2 *R. S.* 225, *sec.* 2.) Which jurisdiction was enlarged, as to amount, by laws of 1840, p. 265. This statute confers upon justices of the peace general jurisdiction, to hear, try and determine all actions of *trespass quare clausum fregit*, without regard to the place where the cause of action arose. The jurisdiction of the justice's court in this respect is not limited by this statute to causes of action arising within the county where the court is held, as is that of the common pleas; but by this statute a justice of the peace has jurisdiction of an action of trespass on lands, whether the cause of action arise in his county or not. If an action of debt should be brought upon the judgment rendered by the justice in this case, it would be sustained, for the docket of the justice would show as evidence that he had jurisdiction of the person of the defendant, and of the subject matter of the suit, to wit: a trespass for an injury to real or personal property. (*Benn* v. *Borst,* 5 *Wend.* 592.) It never was held or settled in this state that an action of trespass on lands could be sustained only before a justice of the county in which the land lies. On the contrary, the late Justice COWEN, while remarking upon the jurisdiction of justices of the peace, in his Treatise, ( 1 *Cowen's Treatise,* 27 *and* 28,) held that a justice has jurisdiction of the action of trespass for a direct injury to real or personal property, and that whether the cause of action arise in his county or not, and that it was doubtful whether the doctrine of local jurisdiction was applicable to a justice's court. And the defendants in error beg leave to refer to the following cases in a neighboring state, where the same principle is sustained, under a statute similar to our own. "An action for injury to real estate, if the damage does not exceed $20, is not local to the county where the land lies, but may be brought before a justice in any county where the defendant may be, and on plea of title may be carried to the court of common pleas for such county." (*Sumner* v. *Finnegan,* 15 *Mass. Rep.* 280; *Pitman* v. *Fluit,* 10 *Pick.* 504; *Morton* v. *Chase,* 15

McKeon *agt.* Graves & Best.

*Maine Rep.* 188.) One reason, and perhaps the only one, why the action of *trespass quare clausum fregit* is local in the supreme court and in the common pleas, is, that in those courts the title to the lands may be examined and settled, and it is more convenient for the parties to try the cause in the county where the conveyances and evidences of title remain; but in the case of justices' courts this reason does not exist, for that court cannot inquire into title to lands, and consequently cannot receive any documentary or other evidence of title. And so in the case of an action against public officers, which is made local to the county where they reside, for their own convenience, and to prevent them from being harassed by suits at a distance. If they remove into another county, and the amount is so small that they can be sued for it only in a justice's court, and the reason of the provision of the statute having there ceased to exist, the suit may be brought in the county where they reside. (13 *W.* 365.)

*Sixth.* There is nothing in the return of the justice to show that the cause of action in this case arose out of the county in which the justice resided. From reading the return, no one would imagine the trespass was committed out of the county of Columbia; and yet the court are asked to intend the cause of action arose out of the county of Columbia, (which is not the truth,) and even out of the state of New-York, for the purpose of reversing this judgment. It is submitted that the court ought not so to do; but will hold that the said justice having had jurisdiction of the parties and generally of the subject matter of the suit, all intendments must be in favor of affirmance, rather than the reversal of the judgment. (*Fuller* v. *Wilcox,* 19 *W.* 351; *Oakley* v. *Van Horne,* 21 *W.* 305; *Cowen's Treatise,* 1096.)

DECISION.—Judgment affirmed, unanimously, on the ground that the action is trespass *de bonis.*

NOTE.—It is not necessary that a *return* of a justice of the peace to a certiorari should *show* that he waited *one hour* after the time for the return of the process, (2 *R. S.,* 234, § 46,) before he entered judgment. The court will intend that the justice waited the requisite time.

It is a settled principle, that before a judgment can be reversed it must appear *affirmatively* that the justice has *erred.*

A declaration in a justice's court may be so general and informal as to be bad on *special demurrer,* but good on *general* demurrer. And in such case the common pleas on certiorari (2 *R. S.* 257, § 181) is authorized to disregard technical omissions, imperfections or defects, not affecting the merits, and give judgment as the right of the matter may appear. (*See also* 2 *R. S.* 424, § 7, *providing for amendment of pleadings, &c.*)

Where the declaration was for trespass and for *breaking in* and destroying and taking from the plaintiffs' premises certain boards, &c.; and the proof was that the defendant *took boards,* about fifty panels, *from plaintiffs' fence,* &c.,— *held,* that the evidence was sufficient to authorize a court or jury, at least, to infer a *breaking in* the premises, from which the boards were taken.

It is not necessary that it should appear *affirmatively,* that the *premises,* on which a trespass alleged to have been committed, were situated in the *county where the justice of the peace resides.* The legislature has conferred jurisdiction upon justices of the peace (2 *R. S.* 225, § 2; *Laws,* 1840, *ch.* 317, § 2) of the action of trespass on lands, whether the cause of action arise in the county where the justice resides or not.

Although courts of common pleas had not *original* jurisdiction in such actions of trespass, &c., (arising out of the county,) yet they had jurisdiction on certiorari or on appeal from justices' courts in such cases.

Where it appears that a justice of the peace, in an action of trespass on lands, has jurisdiction of the parties and generally of the subject matter, an appellate court will not intend that the trespass was committed on lands situated *out of the state.*

*Not reported in this court.*